I find it necessary to recuse myself in this proceeding for the following reason. The dispute in this case concerns whether the plaintiffs, who are instructors at a state two-year college, are protected by the provisions of the Fair Dismissal Act, Ala. Code 1975, § 36-26-100 et seq. Stated differently, this proceeding will decide whether the plaintiffs are protected by the provisions of the Fair Dismissal Act or are required to state their grievances under the Revised Hearing Procedure adopted by the State Board of Education. Significant procedural differences exist in the application of the terms of the Fair Dismissal Act and the application of the Revised Hearing Procedure.
My wife is employed by the state's two-year college system, and the decision rendered by the Court in this case will determine the grievance procedure available to "employees," as that term is defined by the Fair Dismissal Act. Thus, my wife has an interest that could be substantially affected by the outcome of this proceeding, although she is not employed by the institution involved in this litigation. Quite simply, should she have a claim that invokes the dispute resolution procedure, this case could decide the procedure available to her. Therefore, it is quite apparent that her interest is directly involved; and indirectly, though quite possibly to a lesser degree, my interest is also affected.
Canon 3, Canons of Judicial Ethics, provides in relevant part:
"C. Disqualification
 "(1) A judge should disqualify himself in a proceeding in which his . . . impartiality might reasonably be questioned, including but not limited to instances where:
". . . .
"(d) He or his spouse . . .
". . . .
 "(ii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding. . . ."
Because these provisions of Canon 3 are implicated by the issues now before this Court, I recuse myself from proceedings in this case.